UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICE P. JEFFERSON, *ET AL.* | CIVIL ACTION |
| VERSUS | NO. 20-2793 |
| TURN SERVICES, LLC, *ET AL.* | SECTION M (1) |

# **ORDER**

Before the Court is a motion for summary judgment by defendants Turn Services, LLC and Associated Terminals, LLC (collectively, "Defendants") seeking dismissal of plaintiffs' claims under the Jones Act, 46 U.S.C. § 30104, because the decedent, Bobby Jefferson ("Jefferson"), does not meet the requirements for seaman status, and plaintiffs' claims under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq*., against Associated Terminals.[1]  The motion was set to be submitted to the Court on June 3, 2021.[2]  Local Rule 7.5 requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was May 26, 2021.  Plaintiffs Patrice P. Jefferson, Samari Jefferson, Bobbi Jefferson, and the Estate of Bobby Jefferson (collectively, "Plaintiffs"), who are represented by counsel, have not filed an opposition.  Accordingly, because the motion for summary judgment is unopposed, and it appearing to the Court that the motion has merit,[3]

---

[1] R. Doc. 12.
[2] R. Doc. 12-4.
[3] Defendants argue that Jefferson does not meet the criteria for seaman status under *Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995), and its progeny. R. Doc. 12-1 at 6-11. In April 2019, Turn Services hired Jefferson as a welder, a job he held until January 25, 2020, the date of the accident that caused his death. R. Doc. 12-1 at 2 (citing R. Doc. 12-5 at 1-2). Jefferson worked for Turn at the Myrtle Grove barge fleeting facility performing repairs on barges with disparate ownership that were stationary. *Id.* at 2-3 (citing R. Doc. 12-5 at 1-2).  As such, Jefferson was not assigned to any vessel or fleet of vessels under common ownership, never held a mariner's license, never navigated on a vessel while employed by Turn Services, went home daily, slept onshore, and did no work aboard any barges owned by Defendants. *Id.* (citing R. Doc. 12-5 at 1-2). In response to Defendants' discovery requests, Plaintiffs indicated that they did not have any evidence that Jefferson was assigned to any vessels or that supported their contention that

IT IS ORDERED that Defendants' motion for summary judgment (R. Doc. 12) is GRANTED, and Plaintiffs' Jones Act claims against both Defendants, and their LHWCA claim against Associated Terminals, are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 27th day of May, 2021.

                                                                               BARRY W. ASHE
                                                                               UNITED STATES DISTRICT JUDGE

---

Jefferson was a seaman. *Id.* at 3-4 (citing R. Doc. 12-5 at 3-21). The Jones Act permits a "seaman injured in the course of employment ... to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104. In *Chandris*, the Supreme Court established a two-prong test for seaman status. First, the employee's duties must "contribute to the function of the vessel or to the accomplishment of its mission." 515 U.S. at 368. Second, the employee "must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *Id*. Plaintiffs have presented no evidence supporting either prong of the *Chandris* test. Therefore, Defendants are entitled to summary judgment on Plaintiffs' Jones Act claim.

    In the complaint, Plaintiffs raise a claim under the LHWCA. R. Doc. 1 at 1. The LHWCA provides a workers' compensation scheme for certain maritime employees and is the exclusive remedy for such claims against employers. *See* 33 U.S.C. §§ 901, *et seq.* There is no evidence that Associated Terminals employed Jefferson or owned the facility or barge involved in this incident. Therefore, Plaintiffs have no LHWCA claim against Associated Terminals, and any such claim is dismissed.